TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief
KAMELA A. CASCHETTE, Trial Attorney
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Tel | (202) 305-0340; Fax | (202) 305-0275
Kamela.Caschette@usdoj.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation<br><br>Plaintiff,<br><br>v.<br><br>DEBRA HAALAND, in her official capacity as Secretary of the Interior; U.S. FISH AND WILDLIFE SERVICE, an agency of the U.S. Department of the Interior,<br><br>Defendants. | CIVIL NO. 1:21-00122-JMS-RT |

STIPULATED SETTLEMENT AGREEMENT

This Stipulated Settlement Agreement ("Agreement") is entered into by and

between plaintiff Center for Biological Diversity ("Plaintiff") and defendants Debra

1

Haaland, in her official capacity as Secretary of the Interior; and the U.S. Fish and Wildlife Service (the "Service"), an agency of the U.S. Department of the Interior (collectively "Defendants"). In support of this Agreement, the parties state as follows:

WHEREAS, the Service issued a proposed rule in 2016 to list the ʻIʻiwi (*Drepanis coccinea*) as a threatened species under the Endangered Species Act ("ESA") and to solicit information that may be relevant to inform the designation of critical habitat for the species. 81 Fed. Reg. 64,414 (Sept. 20, 2016);

WHEREAS, the Service issued a final rule in 2017 listing the ʻIʻiwi as a threatened species but did not designate critical habitat for the species because it determined critical habitat was not determinable. 82 Fed. Reg. 43,873 (Sept. 20, 2017) (threatened listing effective on October 20, 2017);

WHEREAS, under 16 U.S.C. § 1533(a)(3)(A)(i), the Service shall designate critical habitat for a threatened species concurrently with the final rule implementing the determination that the species is threatened, to the maximum extent prudent and determinable;

WHEREAS, if the Service determines that critical habitat for the species is not determinable at the time it issues a final listing determination, the Service may extend the time to publish a final critical habitat determination by not more than one year, to the maximum extent prudent, 16 U.S.C. § 1533(b)(6)(C)(ii);

2

WHEREAS, the Service has not yet issued a final critical habitat determination for the ʻIʻiwi;

WHEREAS, once a species is listed, the ESA provides that the Service "shall develop and implement . . . recovery plans . . . for the conservation and survival of endangered species and threatened species listed pursuant to [the ESA], unless [the Service] finds that such a plan will not promote the conservation of the species," 16 U.S.C. § 1533(f)(1);

WHEREAS, recovery plans incorporate, to the maximum extent practicable, "management actions" necessary for "conservation and survival of the species," measurable criteria for attaining recovery of the species and removal from the list of threatened or endangered species, and estimates of the time and cost necessary to achieve recovery of the species, *id.* § 1533(f)(1)(B)(i)-(iii);

WHEREAS, the Service has not yet developed a recovery plan for the ʻIʻiwi, or found that such a plan will not promote the conservation of the species;

WHEREAS, Defendants received a letter from Plaintiff dated October 13, 2020, and titled "60-Day Notice of Intent to Sue Regarding Violations of the Endangered Species Act; Failure to Designate Critical Habitat and Develop a Recovery Plan for the ʻIʻiwi (*Drepanis coccinea*)";

WHEREAS, Defendants responded to Plaintiff's letter on December 18, 2020, stating that the Service was in the process of reviewing the relevant

information required for a critical habitat designation and developing a recovery plan;

WHEREAS, on September 1, 2020, Plaintiff filed a complaint for declaratory and injunctive relief, alleging that Defendants had violated the ESA and Administrative Procedure Act ("APA") by failing to designate critical habitat for the 'I'iwi within the timeframe outlined in 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(A)(ii), and (b)(6)(C), and by failing to develop and implement a recovery plan for the 'I'iwi or finding that such a plan will not promote the conservation of the species as required by 16 U.S.C. § 1533(f)(1);

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's substantive claims, have reached a settlement that they consider to be in the public interest and just, fair, adequate, and equitable;

THEREFORE, the parties hereby stipulate and agree as follows:

1.      On or before December 15, 2022, the Service shall submit to the *Federal Register* for publication a proposed determination concerning the designation of critical habitat for the 'I'iwi, and if the Service determines to propose critical habitat, the Service shall submit for publication in the *Federal Register* a proposed critical habitat rule on that same date.

2.      The deadline set forth in paragraph 1 shall be extended by thirty (30)

4

days in the event that interagency review of any proposed rule in accordance with Executive Order 12866 exceeds ninety days.

3.     On or before November 15, 2022, the Service shall either: (1) complete the final recovery plan for the 'I'iwi and post it on the Service's website, or (2) issue a finding that a recovery plan will not promote the conservation of the species.

4.     The deadline set forth in paragraph 3 shall be extended by thirty (30) days in the event that the notice of availability of the draft recovery plan for the 'I'iwi is not published in the Federal Register more than thirty (30) days after the Service has submitted it for publication.

5.     Plaintiff reserves its right to request attorneys' fees and costs from Defendants. Defendants reserve their right to contest Plaintiff's entitlement to recover fees and the amount of any such fees and do not waive any objection or defenses they may have to Plaintiff's request. Plaintiff requests that it be given 90 days from this Court's approval of this Agreement to file a potential motion for costs and attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d) so that it may seek to resolve this issue with Defendants without this Court's further involvement.

6.     This Agreement only requires Defendants to take action by the deadlines specified in paragraphs 1 and 3. The Agreement does not limit the

Service's authority or discretion to issue either a proposed or a final critical habitat determination concluding that it is not prudent to designate critical habitat for the 'I'iwi or that critical habitat for the 'I'iwi is not then determinable, 16 U.S.C. § 1533(a)(3)(A)(i), (b)(6)(C); 50 C.F.R. § 424.12(a)(1), and it does not limit the Service's authority or discretion to either issue a recovery plan or make a finding that a recovery plan will not promote the conservation of the species, or the Service's authority or discretion regarding the substantive content of any recovery plan, 16 U.S.C. § 1533(f)(1).

7.      The Order entering this Agreement may be modified by the Court upon good cause shown consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in paragraphs 1 and 3, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with written notice of the claim. The parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court.

If the parties are unable to resolve the claim themselves, either party may seek relief from the Court. In the event that Plaintiff believes Defendants have failed to comply with a term of this Agreement and have not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of Court.

8.      No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination. To challenge any determination issued pursuant to paragraphs 1 or 3, Plaintiffs must file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

9.      Nothing in this Agreement shall be construed or offered in evidence in any proceeding as an admission or concession of wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement. The parties do not waive any claim or defense they may have concerning the claims settled

7

under this Agreement or any similar claims brought in the future by any other party. This Agreement is executed solely for the purpose of compromising and settling Plaintiff's complaint, and nothing herein shall be construed as precedent in any other context.

10.     Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

11.     The parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were denied and disputed by the parties. The Agreement contains all of the agreement between the parties and is intended to be the final and sole agreement between the parties. The parties agree that any prior or contemporaneous representations or understandings not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

12.     The terms of this Agreement shall become effective upon entry of an order by the Court approving the Agreement.

13.     Upon approval of this Agreement by the Court, this Agreement shall apply to and be binding upon the Plaintiff and Defendants and anyone acting on their behalf, including successors, employees, agents, elected and appointed

officers, and assigns.

14.     Upon approval of this Agreement by the Court, Plaintiff's complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, the parties stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms, until Defendants satisfy their obligations under the Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

15.     The undersigned representatives of each party certify that they are fully authorized by the party they represent to agree to the Court's entry of the terms and conditions of this Agreement and that they agree to the terms herein.

Respectfully submitted November 4, 2021:

| | |
|---|---|
| */s/ Maxx Phillips* | TODD KIM |
| Maxx Phillips (HI Bar No. 10032) | Assistant Attorney General |
| CENTER FOR BIOLOGICAL | United States Department of Justice |
| DIVERSITY | Environment & Natural Resources |
| 1188 Bishop Street, Suite 2412 | Division |
| Honolulu, HI 96813 | SETH M. BARSKY, Chief |
| Phone: (808) 284-0007 | MEREDITH L. FLAX, Assistant Chief |
| Email: mphillips@biologicaldiversity.org | Wildlife & Marine Resources Section |
| | |
| Amy R. Atwood | */s/ Kamela A. Caschette* |
| (OR State Bar No. 060407) | KAMELA A. CASCHETTE, Trial |
| CENTER FOR BIOLOGICAL | Attorney |
| DIVERSITY | Wildlife & Marine Resources Section |
| P.O. Box 11374 | P.O. Box 7611, Ben Franklin Station |

| | |
|---|---|
| Portland, OR 97211<br>Phone: (917) 717-6401<br>Email: atwood@biologicaldiversity.org | Washington, DC 20044-7611<br>Tel \| (202) 305-0340<br>Fax \| (202) 305-0275<br>Kamela.Caschette@usdoj.gov |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

Maxx Phillips
mphillips@biologicaldiversity.org

Amy R. Atwood
atwood@biologicaldiversity.org

*Attorneys for Plaintiff*

DATED: November 4, 2021, at Washington, D.C.

*/s/ Kamela A. Caschette*
Kamela A. Caschette